IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN TAVAKOLI,

    Plaintiff,

  v.

CBS OUTDOOR INC. and DOES 1-10, inclusive,

    Defendants.          /

No. Civ. S-07-0096 RRB EFB

Memorandum of Opinion
               and Order

    Plaintiff Ben Tavakoli brings this claim against defendant CBS Outdoor Inc. to invalidate a lease for defendant's billboard on plaintiff's property. Plaintiff argues that the lease and an addendum are unenforceable and that the addendum should be cancelled. Defendant filed a motion to dismiss all claims. For the following reasons, the court GRANTS the motion to dismiss.

                                      I.

    In May 1993, defendant's predecessor-in-interest, National Advertising Company, entered into a written lease with Fred

Cullincini Sr. for the operation and maintenance of an outdoor advertising sign on Cullincini's property along Highway 99 in Stockton, California.[1]  The lease had an initial term of ten years, was renewable at the option of the lessee for a second term of ten years, and thereafter ran year-to-year.

On an unspecified date before February 1997, Cullincini died.  In October 2006, Maxwell and Maria Burton purchased the property from Cullincini's heirs.  The same month, the Burtons signed an addendum to the 1993 billboard lease, extending the lease 20 years and establishing new rent rates.  In December 2006, plaintiff purchased the property from the Burtons. Defendant provided plaintiff a copy of the lease and addendum "at or near the time of purchase."

Plaintiff alleges that the addendum should be cancelled because (1) the underlying lease expired before the addendum was signed; (2) plaintiff and his predecessor-in-interest did not accept the terms of the lease or approve the assignment of the lease to defendant from its predecessor-in-interest; (3) defendant did not submit a probate claim regarding the lease following the original lessor's death; (4) the billboard lacks necessary government approval; (5) the billboard is a nuisance;

---

[1]  Plaintiff attached the lease and addendum to his complaint. The court considers these documents as part of the complaint for purposes of defendant's motion to dismiss.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

and (6) plaintiff's predecessor-in-interest signed the addendum based upon a mistaken belief that the underlying lease was valid. Plaintiff seeks declaratory relief and cancellation of the addendum. Defendant now moves to dismiss all claims or, in the alternative, for a more definite statement.

II.

Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), but need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," see Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff claims as to the unenforceability of the lease and addendum are discussed individually below.

First, plaintiff argues that the underlying lease expired before the addendum was signed. Plaintiff assumes that the lease only ran from May 6, 1993 for two ten-year terms. The

lease, however, states that following the second ten-year term, it runs "from year to year, on the same terms." The lease does not prescribe a specific manner for acceptance, so the lessee may employ any mode. Cal. Civ. Code § 1582. Plaintiff does not dispute that defendant continued to pay rent according to the lease's terms and maintained the billboard after May 6, 2003. These actions are sufficient to constitute acceptance of the lease's year-to-year option. Id. at § 1584. Therefore, plaintiff fails to state a claim as to the expiration of the lease.

Second, plaintiff argues that neither the Burtons nor plaintiff accepted the terms of the lease or approved the lease's assignment from defendant's predecessor-in-interest to defendant. The lease, however, specifically states that it binds all successors and assigns. As successive owners of the property, the Burtons and plaintiff did not need to accept the terms of the lease to be bound by it. Hudson Oil Co. v. Shortstop, 111 Cal.App.3d 488, 496 (1980) ("The use of the general [binding upon successors] language evinces an intent to burden with the restriction all successors in interest of the [original owners], including successive owners."). Moreover, plaintiff provides no authority or lease language requiring approval by the lessor for an assignment of the lease by the original lessee. The lease requires the lessor to notify the

4

lessee of any change in ownership of the property and to notify the new owner of the lease.  Contrary to plaintiff's claim, the lease requires nothing of an assigning lessee.

Third, plaintiff argues that defendant's predecessor-in-interest never submitted a probate claim regarding the lease after Cullincini, the original lessor, died.  According to the terms of the lease attached to the complaint, however, no probate claim was necessary.  See Wright v. Superior Court, 85 Cal.App.2d 151, 153-54 (1948) (holding a probate claim to be unnecessary when a party does not make a legal demand for money to be paid out of the estate).  The original parties agreed that the lease "shall inure to the benefit of and be binding upon the parties hereto and to their respective tenants, heirs, successors, personal representatives, executors, administrators, and assigns."  Under its terms, the lease became binding upon Cullincini's heirs upon his death.

Fourth, plaintiff argues that the lease is invalid because the billboard lacks appropriate government approval.  Plaintiff alleges no factual basis to support the claim that the billboard does not comply with government standards.  Pleading legal conclusions is not sufficient to avoid dismissal on a 12(b)(6) motion.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Fifth, plaintiff argues that the lease is invalid because it is a nuisance. As with plaintiff's government approval claim, the argument is a legal conclusion lacking factual support in the complaint or opposition. On a motion to dismiss, the court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council, 643 F.2d at 624.

Sixth, plaintiff argues that predecessor-in-interest Burton signed the addendum based upon the mistaken belief that the underlying lease was valid.[2] However, as discussed above, plaintiff's factual allegations, when considered in light of the documents attached to the complaint, cannot sustain a finding that the underlying lease was invalid at the time of the addendum's signing. See Sprewell, 266 F.3d at 988 (holding that the court need not accept as true allegations contradicted by attached exhibits). Therefore, the factual predicate to Burton's alleged mistake does not exist.

---

[2] The court does not consider the declaration of Maxwell Burton attached to plaintiff's opposition. The declaration is neither signed nor dated. See 28 U.S.C. 1746.

Because plaintiff has failed to state a claim for declaratory relief or cancellation of the addendum, the court GRANTS the motion to dismiss.[3]

### III.

For the reasons above, the court DISMISSES plaintiff's claims as to the enforceability of the lease and addendum. The court GRANTS plaintiff twenty-one days to amend the complaint.

IT IS SO ORDERED.

ENTERED this 9th day of July, 2007.

                                s/RALPH R. BEISTLINE
                                United States District Judge

---

[3] Plaintiff argues in his opposition that the lease is an illusory contract. Although plaintiff attached a copy of the lease to the complaint, he did not raise the illusory contract argument in the original pleading. Merely attaching a document to a complaint does not give plaintiff the right to raise new arguments concerning the document's language at any point. To challenge the lease as an illusory contract, plaintiff must amend the complaint. See Fed. R. Civ. P. 15(a).